UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Bernard Dziuba,

                Plaintiff,        Case No. 16-cv-10869

v.                                  Judith E. Levy
                                  United States District Judge

Shane Smith,

                                  Mag. Judge Patricia T. Morris
                Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION *IN LIMINE* [23] AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION *IN LIMINE* [22]**

This is an excessive force case arising out of a traffic stop on May 13, 2014. Plaintiff alleges that on that date, he was riding his motorcycle to his home in Alpena, Michigan, and that once he arrived, defendant pushed him to the ground, beat his head into the concrete floor of his garage, arrested him, slammed a car door into his legs, and refused him medical attention. (Dkt. 1 at 3.) Trial is set for August 23, 2017. Pending are plaintiff's (Dkt. 22) and defendant's (Dkt. 23) motions *in limine*.

        **I.**        **Plaintiff's Motion *in Limine***

Plaintiff seeks to exclude the following information at trial:

1. His receipt of Social Security and Medicaid benefits since the 1990s.

2. Evidence of his two neck fusions and a knee injury resulting from a 1991 accident where plaintiff was hit by a car as a pedestrian, the accident itself, and the resulting lawsuit arising from the accident.

3. A 1999 surgery for non-Hodgkin's lymphoma involving his arms and neck.

4. An accident where plaintiff was on his bicycle and hit by a police car when he was six years old.

5. Evidence that plaintiff was riding his motorcycle on May 23, 2014, with a learner's permit and without the accompaniment of an authorized individual.

6. Evidence that plaintiff's son served prison time for a drug offense.

7. Evidence of plaintiff having previously severed his right thumb from his hand while working with cattle.

8. Evidence of the burning of plaintiff's eyes and eyelids while working at a muffler shop.

9. Evidence of plaintiff's possession of a medical marijuana card.

10. Evidence regarding plaintiff's reasons for filing this lawsuit.

11. Evidence regarding plaintiff's treatment for alcohol addiction and his history of alcohol use.

12. The breathalyzer results from the test taken on the date of the arrest.

13. Plaintiff's tattoos.

14. Evidence of plaintiff's criminal history.

Defendant has agreed to exclude significant portions of the information outlined above. In light of this, the motion will be granted as to the information defendant has already agreed to exclude, including the lawsuit arising from the 1991 motor vehicle accident, the accident from when plaintiff was six months old, and the various portions of plaintiff's criminal history that defendant agrees to exclude, which comprise part or all of categories 2, 4, and 14. (Dkt. 22 at 3-5.)

### A. Plaintiff's Receipt of Social Security and Medicaid Benefits

Plaintiff's complaint and motion are unclear as to what damages he seeks, and his deposition reveals only that he seeks monetary damages related to out-of-pocket costs arising from the May 23, 2014 encounter. (Dkt. 22-4 at 40.) He moves to exclude any evidence of his receipt of Social Security and Medicaid benefits. For reasons that are again unclear to the Court, plaintiff describes the medical history that serves as the basis for his receipt of these benefits, which include numerous medical issues that mirror the injuries he says resulted from the events at issue in this case. (Dkt. 22 at 20.) Plaintiff argues that any evidence of his receipt of benefits will be prejudicial to him under Fed. R. Evid. 403, as "the introduction of said evidence will more than likely mislead the jury to believe that Plaintiff does not need additional monies from a jury verdict, since he already receives government assistance." (*Id*.) Defendant argues that plaintiff's income is relevant to his claim for damages, because the effect of the encounter on his income, as well as any out-of-pocket expenses incurred must both be established.

Defendant has not shown that plaintiff is seeking lost wages as part of his claim for monetary damages, nor has he shown that

4

plaintiff's out-of-pocket costs should have been covered by Medicaid. Further, the Court is guided by the collateral source doctrine, where "money received from an independent source will not diminish recovery from a wrongdoer." *Roundhouse v. Owens-Illinois, Inc.*, 604 F.2d 990, 994 (6th Cir. 1979); *see also Jackson v. City of Cookeville*, 31 F.3d 1354, 1360 (6th Cir. 1994) (holding that payments from a collateral source are normally inadmissible unless the plaintiff puts the payments at issue in his request for damages); *Hamlin v. Charter Twp. of Flint*, 165 F.3d 426, 436 (6th Cir. 1999) (holding that it was error to deduct disability pension-related collateral benefits from a damage award). "The doctrine normally applies to . . . disability benefits." *Id.* (collecting cases). Plaintiff's motion *in limine* is granted with respect to category 1, assuming that he is not seeking lost wages. However, if plaintiff's request for damages involves a request for lost wages, defendant may introduce evidence of his Social Security benefits.

### B. Plaintiff's Medical History

Plaintiff alleges that, following his encounter with defendant, he "sustained shoulder problems; neck pain; wrist pain, numbness in his hands; injury to his right foot; knee pain; forehead injuries (bruising

and a cut); arm pain; and head pain." (*Id.* at 2.) He seeks to exclude the information set forth in categories 2, 3, 7, and 8 above.

Plaintiff seeks to exclude evidence of two neck fusions and a knee injury arising from a 1991 accident. Here, he alleges neck pain and knee pain. Evidence of prior injury to the precise areas alleged to have been injured in the incident at the center of this case is relevant for the purposes of calculating damages. Likewise, a prior surgery to his arms and neck is relevant to his complaints of neck pain and arm pain, and the severing of his right thumb is relevant to his complaints of numbness in his hands. The burning of his eyelids and eyes does not appear to be relevant to his complaints of head pain, and it will be excluded unless defendant can provide more information at the time of trial to show that the eye injury is connected to the head pain complained of in this lawsuit.

Because most of plaintiff's prior medical history is relevant to the injuries he alleges resulted from the May 23, 2014 encounter and to any calculation of damages arising from those injuries, plaintiff's motion *in limine* is denied with respect to categories 2, 3, and 7, and granted with

respect to category 8, unless defendant offers some proof that plaintiff's eye injuries are related to his current complaints of head pain.

### C. Plaintiff's Learner's Permit and Lack of Accompaniment By An Authorized Individual

Although plaintiff references this as a category of evidence he seeks to have excluded, he provides no argument as to why it should be excluded. That plaintiff was not in compliance with the law while riding his motorcycle is relevant to the encounter. Plaintiff's motion *in limine* is denied without prejudice with respect to category 5. However, plaintiff may object to the introduction of this evidence at trial if he sets forth appropriate reasons.

### D. Plaintiff's Son's Criminal History

Defendant agrees to exclude plaintiff's son's criminal history unless he is called as a witness at trial, in which case defendant reserves the right to impeach him pursuant to Fed. R. Evid. 609. Plaintiff makes no argument regarding the grounds for excluding his son's criminal history, or what that history is. Because plaintiff's son may be called as a witness at trial, and because his unspecified criminal history may potentially be used to impeach his character for

7

truthfulness under Rule 609, plaintiff's motion *in limine* is denied with respect to category 6.

### E. Plaintiff's Medical Marijuana Card

Plaintiff argues that evidence of his having a medical marijuana card must be excluded under Rule 403, because raising the issue "would only divert the jury's attention away from the essential issues of the case by way of innuendo." (Dkt. 22 at 21.) Defendant argues that the evidence should be admitted because plaintiff consumed medical marijuana prior to the encounter, and it is relevant to his behavior during the encounter, as well as his baseline health level and the extent of his damages.

To be issued a medical marijuana card in Michigan, a person must be a "qualifying patient," defined as "a person who has been diagnosed by a physician as having a debilitating medical condition." MICH. COMP. LAWS § 333.26423(l). A "debilitating medical condition" is defined as one or more of: "[c]ancer, glaucoma, positive status for human immunodeficiency virus, acquired immune deficiency syndrome, hepatitis C, amyotrophic lalteral sclerosis, Chron's disease, agitation of Alzheimer's disease, nail patella, or the treatment of these conditions,"

8

or "[a] chronic or debilitating disease or medical condition or its treatment that produces 1 or more of the following: cachexia or wasting syndrome; severe and chronic pain; severe nausea; seizures, including but not limited to those characteristic of epilepsy; or severe and persistent muscle spasms, including but not limited to those characteristic of multiple sclerosis," or "[a]ny other medical condition or its treatment approved by the [Department of Licensing and Regulatory Affairs]." MICH. COMP. LAWS § 333.26423(b).

If plaintiff had consumed medical marijuana before the encounter, and was still under the influence of it when driving his motorcycle, it would potentially provide some explanation for his behavior during the encounter. The underlying condition that makes plaintiff a qualifying patient may also be relevant to his claims of injury from the encounter. Plaintiff's motion *in limine* is denied with respect to category 9 without prejudice to any objection plaintiff might have to the specific use of this evidence during trial.

### F. Plaintiff's Reasons for Filing This Lawsuit

Plaintiff seeks the exclusion of all evidence regarding his reasons for filing this lawsuit. During his deposition, he stated that the point he decided to file the lawsuit was when:

> Whenever I got fed up with being beat, lied about, manipulated, and actually they're almost like the Ku Klux Klan in Michigan, the Michigan State Police, the way they operate their system. You can have one – you can have the state troopers from one town to the other town all get on their little radio and make whatever they want to make.

(Dkt. 22-4 at 43.) Defendant argues that this testimony is relevant to plaintiff's credibility as a witness and "speaks to why he reacted the way he did to the traffic stop at issue in this case."

If the encounter occurred as plaintiff alleges, a police officer unjustly beat him, causing him serious and chronic physical injury. A dislike and distrust of police would, for many people, flow from that experience. That plaintiff was motivated to file this suit because he does not like the police is not relevant to the validity of his claims or his credibility as a witness. Plaintiff's motion *in limine* is granted with respect to category 10.

### G. Plaintiff's History of Alcohol Use and Treatment for Alcohol Addiction

Plaintiff seeks the exclusion of his history of alcohol use and treatment for alcohol addiction after the encounter took place. Defendant argues that this knowledge is necessary to "assist the trier of fact in determining what version of the facts transpired in this case," plaintiff's physical and mental state during the encounter, and plaintiff's motivation for attempting to flee defendant. (Dkt. 28 at 8.)

Plaintiff's use of alcohol at any point other than on the day at issue in this case and any subsequent treatment he received for his use of alcohol are categorically irrelevant to whether defendant used excessive force during an arrest on May 23, 2014, or failed to attend to plaintiff's medical needs after the arrest. Use of alcohol at some other point in time does not make any version of events on that day more or less likely to have occurred, or make defendant's actions more or less justified in context. Treatment for alcohol use or abuse after the fact does not make any version of events on that day more or less likely to have occurred. Prior use of alcohol, if that use did not affect plaintiff's behavior at the time of the encounter, cannot be relevant to his claims. Treatment he received for alcohol use days, weeks, or months after the

11

encounter cannot factor into any use-of-force analysis on the day in question.

Plaintiff's motion *in limine* is granted with respect to category 11.

### H. Plaintiff's Preliminary Breath Test and Breathalyzer Results

Plaintiff seeks the exclusion of his preliminary breath test ("PBT") and breathalyzer results from his arrest.

In assessing the reasonableness of a use of force, it "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. 389, 396 (1989) (further citation omitted). Under *Graham*, an officer's actions are to be judged based on the knowledge he had at the time of the incident giving rise to the claim of excessive force.

Plaintiff provides defendant's incident report, which indicates that the PBT and breathalyzer were both given after the point where defendant is alleged to have used excessive force. (Dkt. 22-8.) Although defendant argues that excluding this evidence would be "highly prejudicial" to him, (Dkt. 28 at 9), it would be prejudicial to plaintiff to permit defendant to present it in relation to this claim. At the time of the encounter, defendant did not know plaintiff's blood-alcohol level,

12

and that later-gained knowledge cannot serve as justification for defendant's earlier behavior.

The wrinkle in this case, however, is plaintiff's claim of defendant's deliberate indifference to his serious medical need in violation of the Fourteenth Amendment. (Dkt. 1 at 5-6.) To assert this claim, a plaintiff must make an objective showing of a "sufficiently serious medical need." *Phillips v. Roane Cty., Tenn.*, 534 F.3d 531, 539 (6th Cir. 2008) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). A plaintiff must also "allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Farmer*, 511 U.S. at 837).

The time period for plaintiff's deliberate indifference claim would include the entire time plaintiff was in custody and defendant failed to address his alleged serious medical need. That period of time includes the administration of the PBT and breathalyzer, and those results could factor into defendant's perception of risk to plaintiff and whether he disregarded that risk if he inferred it. Defendant has not, however,

13

shown that the precise results are more probative than prejudicial with respect to this claim. It is unclear why defendant would need to share the results with the jury, as opposed to the general results showing that plaintiff was over the legal limit for operating a motor vehicle.

The Court will deny plaintiff's motion *in limine* without prejudice with respect to category 12. If plaintiff's degree of intoxication comes into question during trial, defendant may raise the issue of introducing the specific results of the administered tests outside the hearing of the jury, at which point the Court will hear plaintiff's objections and rule on their admission.

### I. Plaintiff's Tattoos

Plaintiff asks that the Court exclude evidence of his tattoos, but does not indicate what tattoos he has or why they should be excluded. Because the Court cannot tell what the actual evidence is plaintiff seeks to exclude or the basis for the exclusion, his motion *in limine* is denied with respect to category 13. That said, it is difficult to imagine the relevance of plaintiff's tattoos in this particular case.

### J. Plaintiff's Criminal History

Plaintiff seeks the exclusion of four portions of his criminal history: 1) the drunk driving bench trial arising from this incident that resulted in a guilty verdict and an unsuccessful appeal; 2) his three drunk driving convictions (one in 2014 and two in or around 1991); 3) a 1991 resisting and obstructing an officer charge; 4) a 1999 resisting and obstructing an office charge; and 5) a 2001 operating without a license charge. (Dkt. 22 at 13-14.)

Defendant argues that "[t]hese events are germane to Dziuba's motive to flee on May 31, 2014, and the potential rationale for his actions." (Dkt. 28 at 10.) However, Dziuba's "motive to flee" and "potential rationale for his actions" do not figure into the *Graham* analysis for an excessive force case, unless defendant was aware of these prior charges and convictions at the time of the encounter. On review of defendant's contemporaneous police report, he does not state that he ran a search for plaintiff's criminal history, or that he was aware of it at any time during the encounter. (*See* Dkt. 22-8.) Nor can the prior convictions figure into a deliberate indifference to a serious medical need claim.

15

Fed. R. Evid. 609 permits the use of a criminal conviction to attack a witness's character for truthfulness if the crime was punishable by imprisonment for more than one year, subject to Fed. R. Evid. 403. Fed. R. Evid. 609(a)(1). However, if more than ten years have passed from the later of the witness's conviction or release, the evidence is admissible only if its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect, and the proponent gives the adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use. Fed. R. Evid. 609(b).

Plaintiff's 2014 conviction on the drunk driving charge falls squarely within Rule 609(a)(1), as he admits. Plaintiff contends that admission of that charge as evidence would violate Rule 403, which bars "relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." However, plaintiff cites only general "disdain . . . toward people driving under the influence of alcohol and/or drugs" as a reason to exclude this conviction. (Dkt. 22 at 17.) The fact that a juror might

feel disdain for a particular type of criminal conviction is not reason enough, on its own, to completely bar the evidence of that conviction where it would otherwise be admissible.

The remainder of the criminal charges are all more than ten years old, and so fall under Rule 609(b). At this juncture, defendant has made no specific argument as to the probative value of the resisting and obstructing charges. Defendant has provided an argument as to the probative value of the other drunk driving charges, supported by specific facts. However, the probative value of the prior charges would be outweighed by the prejudice to plaintiff where defendant appears to have had no knowledge of the charges at the time of the encounter, and the reason for their admission is not to challenge plaintiff's truthfulness, but instead to establish a hypothetical motivation for unspecified actions plaintiff took on May 23, 2014. Defendant also argues that the 2001 operating without a license charge should be admissible because plaintiff could have faced the same charge again in 2014. But simply facing the same charge has no probative value in this case, and defendant has provided no other reason why it should be admissible.

17

For the reasons set forth above, plaintiff's motion *in limine* is denied as to the 2014 drunk driving conviction, which may at the very least be used to attack plaintiff's character for truthfulness pursuant to Rule 609, and granted as to the rest of plaintiff's criminal history, which is excluded at trial.

## II. Defendant's Motion *in Limine*

Defendant seeks to exclude evidence of two prior lawsuits and two internal affairs investigations, all arising from his time as a police officer. (Dkt. 23.) Plaintiff states that he "does not intend to raise these issues during trial, unless defendant 'opens the door.'" (Dkt. 27 at 2.) It is unclear what "opening the door" means in this context, or how defendant would do so.

All of the lawsuits and investigations at issue took place over a decade ago, and do not involve any admission or finding of liability or wrongdoing. Because plaintiff cannot articulate a basis for the admissibility of this evidence, and it does not appear to be relevant to the allegations in this case, defendant's motion *in limine* is granted and this evidence will be excluded at trial.

## III. Conclusion

For the reasons set forth above, it is hereby ordered that:

Plaintiff's motion *in limine* (Dkt. 22) is GRANTED IN PART AND DENIED IN PART; and

Defendant's' motion *in limine* (Dkt. 23) is GRANTED.

IT IS SO ORDERED.

Dated: July 20, 2017  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 20, 2017.

s/Shawna Burns
SHAWNA BURNS
Case Manager