# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Bernard Dziuba,

              Plaintiff,        Case No. 16-cv-10869

v.                                   Judith E. Levy
                                   United States District Judge

Shane Smith,

                                   Mag. Judge Patricia T. Morris
            Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OR FOR CLARIFICATION [30]

On July 20, 2017, the Court issued an opinion and order denying without prejudice plaintiff's motion *in limine* to exclude evidence of the results of preliminary breath test and breathalyzer results from the arrest that is the subject of this lawsuit. (Dkt. 29 at 12-14.) Defendant did not provide a reason for the introduction of the results in his briefing. The Court stated that "[i]f plaintiff's degree of intoxication comes into question during trial, defendant may raise the issue of introducing the specific results of the administered tests outside the

hearing of the jury, at which point the Court will hear plaintiff's objections and rule on their admission." (*Id.* at 14.)

Defendant now moves for clarifications or to have the Court reconsider that holding, and make the determination that the results are admissible at trial. (Dkt. 30.) To prevail on a motion for reconsideration under Local Rule 7.1, a movant must "not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A palpable defect is a defect that is obvious, clear, unmistakable, manifest or plain." *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997). The "palpable defect" standard is consistent with the standard for amending or altering a judgment under Fed. R. Civ. P. 59(e). *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006). Motions for reconsideration should not be granted if they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). But "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued."

*Roger Miller Music, Inc. v. Sony/ATV Publ'g,* 477 F.3d 383, 395 (6th Cir. 2007).

Defendant's motion is procedurally inappropriate, because the order on the motion *in limine* led to no disposition of the case, and nothing in the motion could lead to a different disposition of the case at this point. Further, it presents the same issue already ruled on by the Court, and challenges a ruling that still permits defendant to argue for the inclusion of evidence at trial. Accordingly, the motion for reconsideration or for clarification (Dkt. 30) is denied.

IT IS SO ORDERED.

Dated: July 31, 2017  
Ann Arbor, Michigan

s/Judith E. Levy  
JUDITH E. LEVY  
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 31, 2017.

s/Shawna Burns  
SHAWNA BURNS  
Case Manager