# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Bernard Dziuba,

                Plaintiff,        Case No. 16-cv-10869

v.                                 Judith E. Levy
                                   United States District Judge
Shane Smith,
                                   Mag. Judge Patricia T. Morris
                Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION
## FOR COURT TO REVIEW TAXED COSTS
## ASSESSED BY CLERK OF THE COURT [38]

Following a jury verdict in his favor, on September 21, 2017, defendant Shane Smith filed a bill of costs with the Clerk of Courts in the amount of $1,118.25. (Dkt. 36.) On September 22, 2017, the Clerk taxed those costs against plaintiff Bernard Dziuba. (Dkt. 37.) On September 29, 2017, plaintiff moved pursuant to Fed. R. Civ. P. 54(d)(1) for a review of the Clerk's taxation of costs against him. (Dkt. 38.) Defendant responded on October 13, 2017. (Dkt. 39.)

Plaintiff asks the Court to exercise its discretion in taxing costs, arguing that his monthly income consists of Social Security and

Medicaid benefits in the amount of $722. (Dkt. 38 at 2.) He argues that he lacks the ability to pay the taxed costs, and that "the imposition of such costs may chill future litigants from pursuing civil rights actions for fear of costs being assessed against them." (*Id.*)

Fed. R. Civ. P. 54(d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise costs – other than attorney's fees – should be allowed to the prevailing party." The United States Court of Appeals for the Sixth Circuit has "identified several factors a losing party may put forward that may be sufficient to justify a district court in overcoming the presumption in favor of a cost award, including the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs." *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001). "It is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party." *White & White, Inc. v. American Hospital Supply Corp.,* 786 F.2d 728, 731 (6th Cir. 1986).

Although a "factor weighing in favor of denying costs is the indigency of the losing party . . . in forma pauperis status will not by

2

itself provide an automatic basis for denying taxation of costs against an unsuccessful litigant." *Singleton*, 241 F.3d at 539. The Sixth Circuit has also held that the imposition of taxable costs under Rule 54(d) would not chill civil rights litigants, particularly because "the district court has discretion to deny (or perhaps reduce) costs if the losing party had a particularly strong case." *Id.*

Plaintiff relies on Judge Avern Cohn's order denying taxable costs to defendants in a *pro se* prisoner's civil rights action in *White v. Trapp*, Case No. 02-cv-71710, Dkt. 148 (E.D. Mich. Sep. 29, 2006). However, Judge Cohn expressly noted that "a prisoner's ability to pay can no longer be considered in determining whether to tax costs", *id.*, which means that his exercise of discretion was based on some factor or factors other than that plaintiff's ability to pay. Here, plaintiff has provided no other reason that would weigh in favor of denying or reducing the costs taxed.

Accordingly, it is hereby ordered that:

Plaintiff's motion for the Court to review taxed costs assessed by the Clerk of the Court (Dkt. 38) is DENIED.

IT IS SO ORDERED.

Dated: October 26, 2017       s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
     United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 26, 2017.

     s/Shawna Burns
     SHAWNA BURNS
     Case Manager